**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GERARDO RAMIREZ,

Defendant-Appellan6t.

Appeal from the United States District Court
For the Southern District of Texas

(B-95-CR-169)

March 12, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On January 2, 1996, Gerardo Ramirez pleaded guilty to failing to appear for sentencing in violation of 18 U.S.C. § 3146(a) and (b)(1)(A)(I). The district court sentenced Ramirez to 24 months' imprisonment to run consecutively with the 108 month sentence already imposed for the underlying offense of possession with intent to distribute marijuana. Ramirez appeals.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Ramirez argues that the district court erred in calculating his criminal history score for the failure to appear offense. The district court found that Ramirez had eight criminal history points. These included three for the underlying drug offense, three for a 1988 conviction for conspiracy to possess with intent to distribute marijuana, and two for committing the current offense while on supervised release. This score placed Ramirez in criminal history category IV. Ramirez argues that his correct criminal history score was five, placing him in criminal history category III, because the district court erred in assessing three points for the underlying drug conviction. Ramirez did not raise this issue in the district court. We review this argument for plain error.[2] Although we find that the district court should not have included the underlying drug conviction in the criminal history score calculation,[3] we find that no reversible error was committed. Ramirez was sentenced to 24 months' imprisonment, a sentence within the appropriate guideline range for a criminal history category III offender.[4]

Ramirez also argues that the district court erred by failing to group the underlying offense with the charge of failure to appear. We disagree. In *United States v. Packer*, this Court expressly rejected the argument that a charge of failure to appear must be grouped with the underlying offense.[5]

Finally, Ramirez maintains that the district court erred by imposing a sentence for the failure

---

[2]      *United States v. Calverley*, 37 F.3d 160, 162-4 (5th Cir. 1994).

[3]      U.S.S.G. § 2J1.6 (Application Note 4).

[4]      The offense level for Ramirez's failure to appear was 13. This level is calculated based upon a base offense level of six, a nine level enhancement because the underlying offense was punishable by a term of more than 15 years, and a two level decrease for acceptance of responsibility. *See* U.S.S.G. § 2J1.6 (a)(2) and (b)(2)(A). The guideline range for an offense level of 13 and a Criminal History Category of III is 18 to 24 months. Ramirez's sentence was within this range.

[5]      *United States v. Packer*, 70 F.3d 357, 359-60 (5th Cir. 1995).

to appear charge after the court enhanced the sentence on the underlying count for obstruction of justice. When reviewing a sentence, we will uphold that sentence unless it was imposed in violation of the law, imposed as a result of an incorrect application of the guidelines, or was outside the appropriate guideline range.[6] We find that no reversible error was committed in this case. For present purposes, we will assume that Ramirez's argument is correct, and the district court could either impose separate sentences for the two offenses or could enhance the sentence for the underlying offense for obstruction of justice. Under either approach, Ramirez's sentence is within the appropriate guideline range. Under the first approach, Ramirez's sentence for the underlying offense would be calculated using an offense level of 27[7] and a criminal history score of III, providing for a sentencing range of 87 to 108 months' imprisonment. The district court sentenced Ramirez to 108 months on the underlying offense, a sentence within the range. Under the second approach, Ramirez's sentence would be calculated based upon an offense level of 29,[8] providing for a sentencing range of between 108 and 135 months. The total sentence imposed on Ramirez for the two offenses was 132 moths' imprisonment, also within the guideline range. No reversible error was committed.

The judgment is AFFIRMED.

---

[6] *United States v. Garcia*, 962 F.2d 479, 480-1 (5th Cir. 1992).

[7] The base offense level for this drug offense involving 909 kilograms of cocaine would be 30. U.S.S.G. § 2D1.1. The district court granted Ramirez a three level downward departure for acceptance of responsibility. This would give Ramirez an offense level of 27.

[8] This level is calculated the same as above with a two level increase for obstruction of justice. U.S.S.G. § 3C1.1.